Caryn Geraghty Jorgensen, OSB No. 102500
Brett T. MacIntyre, OSB No. 190544
Samantha K. Pitsch, OSB No. 230755
caryn.jorgensen@stokeslaw.com
brett.macintyre@stokeslaw.com
samantha.pitsch@stokeslaw.com
STOKES LAWRENCE, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Telephone: (206) 626-6000

Attorneys for Defendant Delta Air Lines, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ANTONIO PETTYJOHNBLUE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DELTA AIR LINES, unknown DELTA SECURITY OFFICERS, JANNE DOE 1&2,<br><br>　　　　Defendants. | Case No.: 3:25-cv-1020<br><br>NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT<br><br>Multnomah Circuit Court: 25CV24323 |

## I.  NOTICE OF REMOVAL

Please take notice that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Delta Air Lines, Inc. ("Delta"), hereby removes this action from state court to this Court.

## II.  PLAINTIFF'S ALLEGATIONS[1]

Plaintiff Antonio PettyJohnBlue, pro se, alleges that on April 15, 2025, he was traveling through the Seattle-Tacoma International Airport ("SEA"), after an international trip, when he was wrongfully profiled and falsely accused of making a threat. Declaration of Samantha Pitsch

---

[1] For purposes of this Notice of Removal only, Plaintiff's allegations are taken as true. Delta expressly reserves the right to contest any and all allegations in the Complaint.

("Pitsch Decl."), Ex. A (Compl.) ¶¶ 1-2. Plaintiff contends he remained "calm, cooperative, and respectful throughout the encounter, [but] Plaintiff was accused of threatening behavior for simply referencing family and community connections in Portland." *Id*. ¶ 3. Plaintiff alleges he was "falsely accused of making a threat" by a "Delta security officer with a K9 unit." *Id*. ¶ 10. Plaintiff was ultimately allowed to proceed and board his flight. *Id.* ¶ 15.

Based on this interaction with the unidentified "Jane Doe" security officers, Plaintiff alleges claims against Delta for a violation of civil rights under 42 U.S.C § 1983-1981; false accusation and defamation; intentional infliction of emotional distress; and racial discrimination. *Id.* at 3.

Plaintiff alleges that he suffered emotional distress, public humiliation, and reputational damage from the false accusation. *Id.* ¶ 17. Plaintiff seeks $300,000 as well as other, non-monetary damages. *Id.* ¶ 4.

### III.  PROCEDURAL REQUIREMENTS

A.  **Timeliness of Removal**

Plaintiff has yet to properly serve Delta with a copy of a summons or his complaint. Under Fed. R. of Civ. P. 4, service may be made by either:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>   (A) delivering a copy of the summons and of the complaint to the individual personally;
>   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FRCP 4(e)(1)-(2). In this case, Plaintiff personally mailed a copy of his complaint to "Delta Airlines Airport" in SeaTac, Washington, dated April 23, 2025. Pitsch Decl., Ex. B (Certificate of

Service). As Plaintiff did not serve by any of the methods outlined in FRCP 4(e)(2), service must be evaluated under Oregon state law.

In this case, Plaintiff's mailing of the complaint to SEA fails to constitute legally adequate service for three, independent reasons.[2] First, Plaintiff failed to provide Delta with a summons. Proper service requires service of both a summons—which must include the language specifically prescribed by the rule, ORCP 7C—and a complaint, ORCP 7D(1) ("Summons *shall* be served . . .") (emphasis added). As reiterated throughout Oregon Rule of Civil Procedure 7, providing a summons is mandatory requirement for service as it provides the defendant information regarding responding to the complaint. Thus, Plaintiff's attempt as service fails for failing to provide a summons.

Second, Plaintiff's attempted service fails because he personally mailed the complaint. Pitsch Decl., Ex. B. Oregon Rule of Civil Procedure 7 explicitly states that service cannot be done by a party. ORCP 7E (" A summons may be served by any competent person 18 years of age or older who is a resident of the state where service is made or of this state and is neither a party . . . However, service pursuant to . . . the mailings specified in paragraphs D(2)(b) and D(2)(c) and part D(3)(a)(iv)(B) of this rule, may be made by an attorney for any party."). The rule even contemplates service by mail but noting that service by mail can only be done by a party attorney. *Id*. Thus, Plaintiff's mailing of the complaint himself is further evidence that this was not proper or effective service.

Finally, Plaintiff failed to mail the complaint to either Delta's registered agent or its principal place of business. ORCP 7D(3)(b)(ii)(C). Mailing the complaint to Delta at the Seattle-Tacoma International Airport is insufficient.

---

[2] Plaintiff also failed to seek an order allowing alternative service by mail. ORCP 7D(6).

Even considering the lesser standard under ORCP 7D(1) of mailing to a location "reasonably calculated under all the circumstances," Plaintiff's mailing of the complaint to SEA is deficient. *Barker v. BSI Fin.*, 6:18-CV-01854-AA, 2019 WL 4605569, at *2 (D. Or. Sept. 23, 2019) ("when service is not made by one of the presumptively adequate methods, the inquiry 'focuses on whether plaintiffs conduct was objectively and reasonably calculated under the totality of the circumstances existing at the time of attempted service to apprise defendants of the pendency of the action.' . . . actual notice 'is, essentially, irrelevant.'") (internal citations omitted). By mailing the complaint to the general address of an out-of-state airport, Delta had to rely on the mail timely getting from Portland, Oregon to Seattle, Washington, for whoever received the mail at SEA to correctly forward it to Delta, and then for whichever Delta employee at SEA—who are not Delta's registered agents—to correctly and timely forward it to Delta's legal department (notably, without a summons informing Delta of its obligations for responding). It is objectively unreasonable to expect that Delta would receive notice within thirty days by this method of service. Accordingly, Plaintiff's mailing of the complaint to SEA ineffective under Oregon law.

Removal is timely under 28 U.S.C. § 1446(b) because fewer than 30 days have passed since service because Delta was never properly served. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) ("we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service"). Accordingly, this Notice of Removal of Civil Action to Federal Court ("Notice of Removal") is timely.

B. **Judicial Division**

Removal to the United States District Court for the District of Oregon, Portland Division, is proper because Plaintiff filed the state court action in Multnomah County Circuit Court, which is a county that this judicial division embraces. *See* Pitsch Decl., Ex. A (Compl.); 28 U.S.C. §§ 1441, 1446.

C. **Notice**

In accordance with 28 U.S.C. § 1446(d) and Local Rules 3-5(c), Delta will promptly give notice to Plaintiff that this action has been removed to this Court, will serve Plaintiff with any documents issued by the Clerk of this Court, and will file a copy of this Notice of Removal and any exhibits attached thereto with the Circuit Court of the State of Oregon for Multnomah County.

D. **State Court Pleadings**

Attached as Exhibit A-B to the Pitsch Declaration are the pleadings associated with the case as filed in the Circuit Court of the State of Oregon for Multnomah County to which Delta has access.[3]

E. **Non-Waiver**

By filing this Notice of Removal, Delta does not waive, but rather expressly reserves all rights, defenses, and objections of any nature that it may have to Plaintiff's claims.

F. **Grounds for Removal**

1. **Diversity Jurisdiction**

This is a civil suit over which this Court has original jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction) and, thus, is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441. Diversity jurisdiction exists where the amount in controversy

---

[3] There is a fee deferral waiver and order dated April 21, 2025 on the online docket. Those records are confidential and Delta does not have access to them.

exceeds $75,000 and complete diversity of citizenship exists between the parties. 28 U.S.C. § 1332. Both requirements are satisfied based on the allegations of the Complaint.

      **i.**      **Amount in Controversy**

The amount in controversy, for purposes of diversity jurisdiction, is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). "[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 Fed. Appx. 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

Plaintiff expressly states in his Complaint that he seeks damages against Delta in the amount of $300,000. *See* Pitsch Decl., Ex. A (Compl.) ¶ 4. The amount placed in controversy by Plaintiff's Complaint, therefore, exceeds the $75,000 jurisdictional threshold of 28 U.S.C. § 1332.

      **ii.**      **Diversity of Citizenship**

On information and belief, Plaintiff was and is a citizen of the state of Oregon, residing in Multnomah County. *Id.* at 3. Delta was and is a corporation incorporated under the laws of the state of Delaware, having its principal place of business in Atlanta, Georgia. *Id.*, Ex. C (Corp. Record Search).

The "Jane Doe" defendants' citizenship is irrelevant when evaluating removal. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also Edwards v. Walmart, Inc.*, 3:20-CV-01609-AC, 2021 WL 1343110, at *2 (D. Or. Feb. 19, 2021), *report and recommendation adopted,* 3:20-CV-01609-AC, 2021 WL

1341856 (D. Or. Apr. 9, 2021) ("The Ninth Circuit concluded the language of the provision was evidence 'Congress obviously reached the conclusion that doe defendants should not defeat diversity jurisdiction,' specifically with respect to the removal statute.") (citing *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989)).

Given that there is complete diversity between the parties, and the amount in controversy is satisfied, this Court has original jurisdiction over this action on the basis of diversity jurisdiction, 28 U.S.C. § 1332, and, pursuant to 28 U.S.C. §§ 1441, 1446, this case is properly removable.

**2.     Federal Question Jurisdiction**

Removal of this action is also proper because this Court has original federal jurisdiction pursuant to 28 U.S.C. § 1331 and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441. To determine whether a claim "arises under" federal law, courts turn to the "well-pleaded complaint" rule, which requires that a federal question appear on the face of the pleading before a federal district court can invoke its jurisdiction. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1995); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1937). Here, Plaintiff seeks relief under the federal civil rights statute, 28 U.S.C. § 1983-1981, and thus, this Court has original jurisdiction based on this civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

**3.     Supplemental Jurisdiction**

This Court also has supplemental subject matter jurisdiction over the claims set forth in the Complaint pursuant to 28 U.S.C. § 1367(a), because the claims set forth therein are so related to the claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

The supplemental jurisdiction statute "applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is necessarily one 'of which the district courts

... have original jurisdiction'..." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 165 (1997). Although one of several claims may not "arise under" federal law, removal is still appropriate if that claim is transactionally related (i.e. "supplemental") to at least one substantial federal claim. *Zuniga v. Blue Cross & Blue Shield of Michigan*, 52 23 F.3d 1395, 1399 (6th Cir. 1995). A single case exists in the constitutional sense wherever the state and federal claims arise from a "common nucleus of operative facts" such that a Plaintiff "would ordinarily be expected to try them all in a single judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

Here, all of Plaintiff's causes of action arise out of the same nucleus of operative facts, i.e., Plaintiff's interaction with security at SEA. Accordingly, supplemental jurisdiction under 28 U.S.C. section 1367 of Plaintiff's remaining causes of action is appropriate. *See Priebe v. Autobarn, Ltd.*, 240 F.3d 584 (7th Cir. 2001) (where federal jurisdiction existed under Magnuson-Moss, District Court properly exercised supplemental jurisdiction over Plaintiff's remaining causes of action including a state fraudulent business practices claim and a common law fraud claim).

## IV.  CONCLUSION

Delta provides notice that this action, pending in the Multnomah County Circuit Court as *Antonio PettyJohnBlue v. Delta Air Lines, Inc., et al.* Cause No. 25CV24323, is hereby removed to this Court.

DATED this 13th day of June, 2025.

        STOKES LAWRENCE, P.S.


        By: */s/ Caryn Geraghty Jorgensen*
           Caryn Geraghty Jorgensen (OSB #102500)

        By: */s/ Brett T. MacIntyre*
           Brett T. MacIntyre (OSB #190544)

        By: */s/ Samantha K. Pitsch*
           Samantha K. Pitsch (OSB #230755)

        1420 Fifth Avenue, Suite 3000
        Seattle, WA 98101-2393
        Telephone:  (206) 626-6000
        Fax:  (206) 464-1496
        E-mail:  caryn.jorgensen@stokeslaw.com
        E-mail:  brett.macintyre@stokeslaw.com
        E-mail:  samantha.pitsch@stokeslaw.com

        *Attorneys for Defendant Delta Air Lines, Inc.*

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

N/A

I further certify that a true and correct copy of the foregoing was served via e-mail to the following non-CM/ECF participant:

Antonio PettyJohnBlue
P.O. Box 20606
Portland, OR 97211
Antoniopjblue@gmail.com


DATED June 13, 2025.

                              /s/ *Madelyne Garcia*
                              Practice Assistant