Name: Antonio petty John Blue
Address: PO Box 20606
Portland OR 97233
Phone: 971-409-8170

FILED 8 JUL '25 8:16 USDC-ORP

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISON

Antonio petty John Blue

Plaintiff(s),

Case No: 3:25-CV-01020-YY

vs.

Delta Airlines

Defendant(s).

Motion to compel production of video evidence and for sanctions under fed. R. Civ. P. 37 (A) And 37 (E)

In there own words, They state its a Third party connecting security, so they are not responsible, please see attached pages

Sincerely
The Global unity network

Dated: 7-8-2025        Signature: antonio PJBlue

**UNITED STATES DISTRICT COURT**
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION
ANTONIO PETTYJOHNBLUE, Plaintiff,
vs.
DELTA AIR LINES, INC., et al., Defendants.
Case No.: 3:25-cv-01020-YY

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF VIDEO EVIDENCE AND FOR SANCTIONS UNDER FED. R. CIV. P. 37(a) AND 37(e)**

COMES NOW Plaintiff, Antonio Pettyjohnblue, appearing pro se, and respectfully moves this Court under Rules 37(a) and 37(e) of the Federal Rules of Civil Procedure to compel Defendant Delta Air Lines, Inc. ("Delta") to produce relevant discovery and for sanctions related to failure to preserve electronically stored information (ESI).

## I. INTRODUCTION

Plaintiff previously served a subpoena and discovery request to Delta seeking video footage and documentation pertaining to an incident at Seattle-Tacoma International Airport (SEA) on April 15, 2025. Despite these efforts, Delta has failed to confirm preservation or production of this material. The requested video is critical to Plaintiff's civil rights and defamation claims.

## II. LEGAL STANDARD

Under Rule 26(b), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Rule 37(a) authorizes the Court to compel disclosure when a party fails to cooperate in discovery. Rule 37(e) permits sanctions where a party fails to preserve ESI that should have been preserved in anticipation of litigation.

## III. ARGUMENT

Delta denies knowledge of key facts (Answer ¶¶ 2, 5–11) while also shifting blame to third parties. Plaintiff is entitled to surveillance video and identity of involved personnel. If Delta no longer has the video, sanctions are

appropriate. Plaintiff reserves the right to request an adverse inference instruction under Rule 37(e) should Delta fail to comply or if the video has been lost.

## IV. RELIEF REQUESTED

Plaintiff respectfully requests that this Court order Delta to:

1. Produce all responsive video footage from April 15, 2025;
2. Identify the individuals and subcontractors involved;
3. Produce any related incident reports;
4. Issue an adverse inference instruction if the video was destroyed or withheld.

Respectfully submitted,
Dated: July 07, 2025
Antonio Pettyjohnblue
Pro Se Plaintiff
[Your Address]
[Your Email]
[Your Phone Number]

## CERTIFICATE OF SERVICE

I certify that on this day, I served a true and correct copy of this Motion on Defendants' counsel via email:
- caryn.jorgensen@stokeslaw.com
- brett.macintyre@stokeslaw.com
- samantha.pitsch@stokeslaw.com

/s/ Antonio Pettyjohnblue
Antonio Pettyjohnblue

Caryn Geraghty Jorgensen, OSB No. 102500
Brett T. MacIntyre, OSB No. 190544
Samantha K. Pitsch, OSB No. 230755
caryn.jorgensen@stokeslaw.com
brett.macintyre@stokeslaw.com
samantha.pitsch@stokeslaw.com
STOKES LAWRENCE, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Telephone: (206) 626-6000

Attorneys for Defendant Delta Air Lines, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ANTONIO PETTYJOHNBLUE,<br><br>Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, unknown DELTA SECURITY OFFICERS, JANNE DOW 1&2,<br><br>Defendants. | Case No.: 3:25-cv-01020-YY<br><br>DELTA AIR LINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT (DISCRIMINATION, DEFAMATION, CIVIL RIGHTS VIOLATIONS, AND DEMAND FOR JURY TRIAL) |

Defendant Delta Air Lines, Inc., ("Delta") answers Plaintiff's First Amended Complaint for Discrimination, Defamation, Civil Rights Violations, Demand for Jury Trial and asserts defenses as follows:

### I. PARTIES

1. Delta lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Amended Complaint.

2. In answer to paragraph 2 of the Amended Complaint, Delta admits only that it is a Delaware corporation with its principal place of business in Atlanta, Georgia and that it operates

DELTA AIR LINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT (DISCRIMINATION, DEFAMATION, CIVIL RIGHTS VIOLATIONS, AND DEMAND FOR JURY TRIAL - 1

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

flights into and out of the Seattle-Tacoma International Airport ("SEA") and Portland International Airport ("PDX"). Delta denies that it employs any security officers with K9 units at SEA, as alleged in the Amended Complaint. Delta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 2 of the Amended Complaint.

## II. JURISDICTION

3. In answer to paragraph 3 of the Amended Complaint, Delta admits that subject matter jurisdiction for this matter is proper in the United States District Court for the District of Oregon.

4. In answer to paragraph 4 of the Amended Complaint, Delta denies that venue for this matter is proper in the United States District Court for the District of Oregon because the allegations in the Complaint occurred in Washington.

## III. FACTUAL BACKGROUND

5. In answer to paragraph 5 of the Amended Complaint, Delta admits only that Plaintiff was a passenger on Delta flight 81 from Paris Charles de Gaulle Airport ("CDG") to Seattle-Tacoma International Airport ("SEA") and on Delta Flight 3997, operated by SkyWest Airlines, Inc., from SEA to Portland International Airport ("PDX") on April 15, 2025. Delta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 5 of the Amended Complaint.

6. Delta lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of the Amended Complaint.

7. In answer to paragraph 7 of the Amended Complaint, Delta denies that it employs any security officers with K9 units at SEA, as alleged in the Amended Complaint. Delta lacks

DELTA AIR LINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT (DISCRIMINATION, DEFAMATION, CIVIL RIGHTS VIOLATIONS, AND DEMAND FOR JURY TRIAL - 2

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 7 of the Amended Complaint.

8. In answer to paragraph 8 of the Amended Complaint, Delta denies that it employs any security officers with K9 units at SEA, as alleged in the Amended Complaint. Delta lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 8 of the Amended Complaint.

9. Delta lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of the Amended Complaint.

10. Delta lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the Amended Complaint.

11. Delta lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the Amended Complaint.

12. The allegations in paragraph 12 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Delta denies that it is liable to Plaintiff.

13. The allegations in paragraph 13 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Delta denies that it is liable to Plaintiff.

### IV.   CLAIMS OR RELIEF

Count I - Discrimination (ORS § 659A.403, Title VI of the Civil Rights Act, 42 U.S.C. § 2000d)

14. Delta reasserts its answers to the proceeding paragraphs as if fully set forth herein.

15. Delta denies the allegations in paragraph 15 of the Amended Complaint.

DELTA AIR LINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT (DISCRIMINATION, DEFAMATION, CIVIL RIGHTS VIOLATIONS, AND DEMAND FOR JURY TRIAL - 3

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

16. The allegations in paragraph 16 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Delta denies that it is liable to Plaintiff.

Count II - Defamation (Slander Per Se)

17. The allegations in paragraph 17 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Delta denies that it is liable to Plaintiff.

18. The allegations in paragraph 18 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Delta denies that it is liable to Plaintiff.

Count III - Civil Right Violations (42. U.S.C. § 1983 - First and Fourth Amendments)

19. The allegations in paragraph 19 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Delta denies that it is liable to Plaintiff.

20. The allegations in paragraph 20 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Delta denies that it is liable to Plaintiff.

Count IV - Unlawful Search and Seizure (Fourth Amendment - U.S. Constitution)

21. The allegations in paragraph 21 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Delta denies that it is liable to Plaintiff.

DELTA AIR LINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT (DISCRIMINATION, DEFAMATION, CIVIL RIGHTS VIOLATIONS, AND DEMAND FOR JURY TRIAL - 4

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

22. The allegations in paragraph 22 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Delta denies that it is liable to Plaintiff.

## V. REQUEST FOR IDENTIFICATION & VIDEO EVIDENCE

23. Paragraph 23 of the Amended Complaint contains no factual allegations to which a response is required. To the extent a response is required, Delta denies that it is liable to Plaintiff.

## VI. INDIGENCY AND ACCESS TO JUSTICE

24. Paragraph 24 of the Amended Complaint contains no factual allegations to which a response is required. To the extent a response is required, Delta denies that it is liable to Plaintiff.

25. Paragraph 25 of the Amended Complaint contains no factual allegations to which a response is required. To the extent a response is required, Delta denies that it is liable to Plaintiff.

26. Paragraph 26 of the Amended Complaint contains no factual allegations to which a response is required. To the extent a response is required, Delta denies that it is liable to Plaintiff.

## VII. PRAYER FOR RELIEF

The remainder of the Amended Complaint is Plaintiff's Prayer for Relief. Delta denies that it is liable to Plaintiff and denies that Plaintiff is entitled to any of the damages or relief requested as against Delta.

### DELTA AIR LINES, INC.'S DEFENSES

By way of further answer and as defenses to the First Amended Complaint, and without conceding that it has the burden of proof as to any issue, Delta asserts the following:

1. This Court lacks personal jurisdiction over Delta for purposes of this matter.

2. Plaintiff may have failed, in whole or in part, to state a claim upon which relief may be granted.

DELTA AIR LINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT (DISCRIMINATION, DEFAMATION, CIVIL RIGHTS VIOLATIONS, AND DEMAND FOR JURY TRIAL - 5

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

3.      Some or all of Plaintiff's claims or the standard of care applicable to Plaintiff's claims may be preempted by federal law, including but not limited to the Montreal Convention, the Airline Deregulation Act, and federal aviation regulations.

4.      Delta at all times relevant hereto, acted in good faith and consistent with the terms of the applicable Contract of Carriage, federal aviation regulations, and applicable law.

5.      The liability of Delta, if any, is limited in accordance with the provisions of the Contract of Carriage and/or the Montreal Convention.

6.      Neither Delta nor its agents or employees were the legal or proximate cause of any of the injuries alleged by Plaintiff.

7.      Some or all of Plaintiff's claims and alleged damages may be due to the fault of third parties for whom Delta bears no control or responsibility, including the unnamed "Jane Doe 1".

8.      Some or all of Plaintiff's claimed injuries or damages may have been the result of Plaintiff's own fault.

9.      Some or all of Plaintiff's injuries or damages may have resulted from intervening or superseding causes.

10.     To the extent not governed by federal law, Plaintiff's claims and/or Delta's defenses may be governed by the law of a different state.

Delta reserves the right to amend its Answer to assert additional defenses revealed in the course of further investigation and discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Delta prays for relief as follows:

1.      Dismissal of Plaintiff's action with prejudice;

DELTA AIR LINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT (DISCRIMINATION, DEFAMATION, CIVIL RIGHTS VIOLATIONS, AND DEMAND FOR JURY TRIAL - 6

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

2. An award to Delta of its attorneys' fees and costs to the extent permitted by law; and

3. Any other relief the Court may deem just and equitable.

DATED this 7th day of July 2025.

STOKES LAWRENCE, P.S.

By: */s/ Caryn Geraghty Jorgensen*
Caryn Geraghty Jorgensen (OSB #102500)

By: */s/ Brett T. MacIntyre*
Brett T. MacIntyre (OSB #190544)

By: */s/ Samantha K. Pitsch*
Samantha K. Pitsch (OSB #230755)

1420 Fifth Avenue, Suite 3000
Seattle, WA 98101-2393
Telephone: (206) 626-6000
Fax: (206) 464-1496
E-mail: caryn.jorgensen@stokeslaw.com
E-mail: brett.macintyre@stokeslaw.com
E-mail: samantha.pitsch@stokeslaw.com

*Attorneys for Defendant Delta Air Lines, Inc.*

DELTA AIR LINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT (DISCRIMINATION, DEFAMATION, CIVIL RIGHTS VIOLATIONS, AND DEMAND FOR JURY TRIAL - 7

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

N/A

I further certify that a true and correct copy of the foregoing was served via e-mail to the following non-CM/ECF participant:

Antonio PettyJohnBlue
P.O. Box 20606
Portland, OR 97211
Antoniopjblue@gmail.com

DATED July 7, 2025.

/s/ *Madelyne Garcia*
Practice Assistant

DELTA AIR LINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT (DISCRIMINATION, DEFAMATION, CIVIL RIGHTS VIOLATIONS, AND DEMAND FOR JURY TRIAL - 8

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000