HONORABLE YOULEE YIM YOU

Caryn Geraghty Jorgensen, OSB No. 102500
Brett T. MacIntyre, OSB No. 190544
Samantha K. Pitsch, OSB No. 230755
caryn.jorgensen@stokeslaw.com
brett.macintyre@stokeslaw.com
samantha.pitsch@stokeslaw.com
STOKES LAWRENCE, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Telephone: (206) 626-6000

Attorneys for Defendant Delta Air Lines, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ANTONIO PETTYJOHNBLUE,<br><br>            Plaintiff,<br><br>     v.<br><br>DELTA AIR LINES, unknown DELTA SECURITY OFFICERS, JANNE DOW 1&2,<br><br>            Defendants. | Case No.: 3:25-cv-01020-YY<br><br>DELTA AIR LINES, INC.'S MOTION TO DISMISS<br><br>(Request for Oral Argument) |

**LCR 7-1 CERTIFICATION**

In compliance with LCR 7-1, the parties made a good faith effort to resolve this dispute through a series of telephonic and written correspondence, most recently on July 21, 2025, but were unable to do so without motion practice.

**MOTION**

Defendant Delta Air Lines, Inc. ("Delta") moves this Court to dismiss this case pursuant to Federal Rules of Civil Procedure 12(b)(2)and 12(c) for lack of personal jurisdiction and for judgment on the pleadings.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**I.     INTRODUCTION**

Pro se Plaintiff Antonio PettyJohnBlue's lawsuit arises out of an interaction with airport security personnel at the Seattle-Tacoma International Airport ("SeaTac") on April 23, 2025. He alleges he was approached and briefly detained by individuals wearing security uniforms while he was in or near the baggage claim or transfer area of SeaTac. Based on this interaction, Mr. PettyJohnBlue asserts claims of discrimination, defamation, civil rights violations, and unlawful search and seizure.

Mr. PettyJohnBlue's claims against Delta should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(c).[1] Not only did Mr. PettyJohnBlue fail to properly serve Delta, this Court lacks general or specific jurisdiction over Delta for the claims alleged. Delta is a Delaware corporation that maintains its principal place of business in Atlanta, Georgia. It is not "at home" in Oregon such that general personal jurisdiction could be exercised over it. Further,

---

[1] Although Delta answered Plaintiff's complaint, it specifically preserved its objection to lack of personal jurisdiction, including insufficient process. *See* Dkt. 1; Dkt. 15 at 5; FRCP 12(h) ("A party waives any defense listed in Rule 12(b)(2)-(5) by: … (B) failing to … (ii) include it in a responsive pleading"); *Motions to Dismiss—Lack of Jurisdiction Over the Person*, 5B Fed. Prac. & Proc. Civ. § 1351 (4th ed.) ("a defense of lack of jurisdiction over the person … may be interposed in the defendant's responsive pleading itself if no other motions under Rule 12 have previously been made"); *Moledina v. Marriott Int'l, Inc.*, 635 F. Supp. 3d 941, 946 (C.D. Cal. 2022) ("Defendant sufficiently preserved its jurisdictional defense pursuant to Rule 12(h) and is free to argue lack of personal jurisdiction in its Rule 12(c) motion at this stage in the proceeding."); *Dubois v. All Am. Transp., Inc.*, CIV. 05-1765-JE, 2006 WL 2054640, at *1 (D. Or. July 24, 2006) (analyzing motion to dismiss for lack of personal jurisdiction after answer preserving defense was filed); *Hadar v. Wilson*, CV 10-796-PK, 2011 WL 2600442, at *1 (D. Or. June 28, 2011) (same); *Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 945 F. Supp. 1355, 1366 (D. Or. 1996) (same).

specific personal jurisdiction does not exist in Oregon courts over Delta because Mr. PettyJohnBlue's claims against Delta do not arise out of and are not related to any purposeful contacts between Delta and Oregon—Mr. PettyJohnBlue alleges the incident occurred solely in SeaTac, Washington. Because the exercise of personal jurisdiction over Delta would violate due process, the Court should dismiss it from this lawsuit.

In the alternative, Delta moves to dismiss Mr. PettyJohnBlue's civil rights violation and unlawful search and seizure claim for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(c). The Fourth Amendment regulates only governmental action; it does not apply to Delta. Similarly, a 42 U.S.C. 1983 claim requires that the action be committed by a person acting under color of state law. As Delta is not a governmental entity, nor are there any allegations that Delta was acting on behalf of the government or under the color of state law, Mr. PettyJohnBlue's claims against it are not supported by law and must be dismissed.

## II.   FACTS

For this motion, this Court treats as true the factual allegations in the Amended Complaint. *See Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1205 (9th Cir. 2019) (explaining that factual allegations are taken as true for a Rule 12(b)(6) motion). Accordingly, Delta summarizes Mr. PettyJohnBlue's allegations, without admitting that they are true and while reserving all rights to challenge the truth of the allegations.

Mr. PettyJohnBlue alleges that on April 23, 2025, he was traveling with a connection in SeaTac. Dkt. 9 ¶ 5. While in the "baggage claim or transfer area," Mr. PettyJohnBlue alleges he was approached, searched, and detained by individuals wearing security uniforms with badges and a K-9 unit. *Id.* ¶ 6. Mr. PettyJohnBlue further alleges that these individuals conducted a targeted

and excessive K-9 search without justification and reported a false threat accusation to their superiors. *Id.* ¶¶ 9-10. The entire interaction occurred at SeaTac. *Id.* ¶¶ 5-11.

### III.    POINTS AND AUTHORITIES

Under Oregon law, personal jurisdiction is authorized "to the full extent permitted by the Due Process Clause of the U.S. Constitution." *Roblin v. Newmar Corp.*, 6:17-CV-01902-MC, 2018 WL 3364668, at *2 (D. Or. July 10, 2018) (citing Or. R. Civ. P. 4(L)). "To comport with the requirements of due process, a court may only exercise personal jurisdiction over a non-resident defendant if that defendant has sufficient 'minimum contacts' with the forum state, such that the exercise of personal jurisdiction would not 'offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). A plaintiff establishes a defendant's "minimum contacts" by "a showing of either general or specific jurisdiction." *Id.* (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004)). It is the plaintiff's burden to establish that jurisdiction is proper." *Mavrix Photo, Inc. v. Brand Techs, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) ("In opposing a defendant's motion to dismiss for lack of personal jurisdiction" under Rule 12(b)(2) of the Federal Rules of Civil Procedure, "the plaintiff bears the burden of establishing that jurisdiction is proper.").

"The familiar 'minimum contacts' test, coupled with statutory authorization, provides a *basis* for an exercise of jurisdiction, but '[s]ervice of process is the *mechanism* by which the court [actually] acquires' the power to enforce a judgment against the defendant's person or property." *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (quoting *United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 771 (9th Cir. 2004)) (emphasis in original). In other words, service of process is the means by which a court asserts its jurisdiction over the person. *See Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir. 1986) ("A federal

court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.").

In this case, Mr. PettyJohnBlue failed to properly serve Delta. Moreover, even if proper service, the allegations in Mr. PettyJohnBlue's Amended Complaint, taken as true, provide no basis to support personal jurisdiction over Delta in Oregon. The Amended Complaint is devoid of any details of Delta's alleged wrongful conduct in Oregon and does not demonstrate or allege that Delta undertook any specific actions in Oregon that relate to Mr. PettyJohnBlue's claims. Delta anticipates that Mr. PettyJohnBlue may attempt to bolster his jurisdictional arguments through his own alleged contacts with Oregon. *See, e.g.*, Dkt. 9 ¶¶ 4-5. But only Delta's suit-related conduct matters. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014); *see also Cox v. HP Inc.*, 492 P.3d 1245, 1248 (Or. 2021) (analysis for jurisdiction is on a defendant's contacts, connections or conduct with the forum state).

**A.     Mr. PettyJohnBlue Failed to Properly Serve Delta.**

Mr. PettyJohnBlue has yet to properly serve Delta with a copy of a summons or his complaint. Under Fed. R. of Civ. P. 4, service may be made by either:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FRCP 4(e)(1)-(2). In this case, Mr. PettyJohnBlue personally mailed a copy of his complaint to "Delta Airlines Airport" in SeaTac, Washington, dated April 23, 2025. Dkt. 2-2 at 2-4. As Mr.

PettyJohnBlue did not serve by any of the methods outlined in FRCP 4(e)(2), service must be evaluated under Oregon state law.

In this case, Mr. PettyJohnBlue's mailing of the complaint to SeaTac fails to constitute legally adequate service for three, independent reasons.[2] First, Mr. PettyJohnBlue failed to provide Delta with a summons. Proper service requires service of both a summons—which must include the language specifically prescribed by the rule, ORCP 7C—and a complaint, ORCP 7D(1) ("Summons *shall* be served . . .") (emphasis added). As reiterated throughout Oregon Rule of Civil Procedure 7, providing a summons is mandatory requirement for service as it provides the defendant information regarding responding to the complaint. Thus, Mr. PettyJohnBlue's attempt as service fails for failing to provide a summons.

Second, Mr. PettyJohnBlue's attempted service fails because he personally mailed the complaint. Dkt. 2-2 at 2-4. Oregon Rule of Civil Procedure 7 explicitly states that service cannot be done by a party. ORCP 7E (" A summons may be served by any competent person 18 years of age or older who is a resident of the state where service is made or of this state and is neither a party . . . However, service pursuant to . . . the mailings specified in paragraphs D(2)(b) and D(2)(c) and part D(3)(a)(iv)(B) of this rule, may be made by an attorney for any party."). The rule even contemplates service by mail but noting that service by mail can only be done by a party attorney. *Id*. Thus, Mr. PettyJohnBlue's mailing of the complaint himself is further evidence that this was not proper or effective service.

Finally, Mr. PettyJohnBlue failed to mail the complaint to either Delta's registered agent or its principal place of business. ORCP 7D(3)(b)(ii)(C). Mailing the complaint to Delta at the Seattle-Tacoma International Airport is insufficient.

---

[2] Mr. PettyJohnBlue also failed to seek an order allowing alternative service by mail. ORCP 7D(6).

Even considering the lesser standard under ORCP 7D(1) of mailing to a location "reasonably calculated under all the circumstances," Mr. PettyJohnBlue's mailing of the complaint to SeaTac is deficient. *Barker v. BSI Fin.*, 6:18-CV-01854-AA, 2019 WL 4605569, at *2 (D. Or. Sept. 23, 2019) ("when service is not made by one of the presumptively adequate methods, the inquiry 'focuses on whether plaintiffs conduct was objectively and reasonably calculated under the totality of the circumstances existing at the time of attempted service to apprise defendants of the pendency of the action.' . . . actual notice 'is, essentially, irrelevant.'") (internal citations omitted). By mailing the complaint to the general address of an out-of-state airport, Delta had to rely on the mail timely getting from Portland, Oregon to Seattle, Washington, for whoever received the mail at SeaTac to correctly forward it to Delta, and then for whichever Delta employee at SeaTac—who are not Delta's registered agents—to correctly and timely forward it to Delta's legal department (notably, without a summons informing Delta of its obligations for responding). It is objectively unreasonable to expect that Delta would receive notice within thirty days by this method of service. Accordingly, Mr. PettyJohnBlue's mailing of the complaint to SeaTac ineffective under Oregon law.

**B.     The Court Lacks General Jurisdiction Over Delta Because it is Not "At Home" in Oregon.**

"A defendant is subject to general jurisdiction if its contacts with the forum state are 'so continuous and systemic as to render it essentially at home there.'" *Roblin*, 2018 WL 3364668, at *2 (quoting *Daimler v. Bauman*, 571 U.S. 117, 127 (2014)). In general, defendant corporations are subject to general jurisdiction in the following places: the company's (1) place of incorporation, and (2) principal place of business. *Davis v. Cranfield Aero. Sols. Ltd.*, 71 F.4th 1154, 1161 (9th Cir. 2023).

Here, Mr. PettyJohnBlue does not, because he cannot, plead that Delta is incorporated or has its principal place of business in Oregon. In fact, Delta is a Delaware corporation with its principal place of business in Atlanta, Georgia. Dkt. 2 ¶ 4, Ex. C.

Nor has Mr. PettyJohnBlue "demonstrated that this is an exceptional case in which defendant's operations in Oregon are so substantial and of a nature that renders it at home in the state." *Collins v. PeaceHealth*, 3:22-CV-01946-AN, 2023 WL 8476721, at *4 (D. Or. Dec. 6, 2023). Although he alleges that Delta does business in Oregon, Dkt. 9 ¶ 2, and that the events "affect Plaintiff in Oregon," *id.* ¶ 4, these allegations, "do not describe contacts with Oregon that are so continuous and systematic as to render it as essentially at home in the state." *Collins*, 2023 WL 8476721, at *4 (holding that the allegations that the defendant "regularly does business in this jurisdiction," and the "principal impact" of its adverse employment actions "occurred in Oregon and harmed Plaintiff, an Oregon resident" were insufficient to render the defendant "essentially at home in the state").

C.  **This Court Lacks Specific Jurisdiction over Delta Because Plaintiff's Claims Do Not Arise from and Are Not Related to a Purposeful Contact Between Delta and Oregon.**

For specific jurisdiction, due process requires that a defendant who is not present in the forum has "certain minimum contacts" with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. Specifically, the courts have established a three-part test for analyzing a claim of specific jurisdiction:

- The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

- The claim must be one which arises out of or relates to the defendant's forum related activities; and

- The exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Davis*, 71 F.4th at 1161-62 (citing *Schwarzenegger*, 374 F.3d at 802). "A plaintiff bears the burden of establishing the first two elements of the test, after which the burden shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Roblin*, 2018 WL 3364668, at *3 (citing *Burger King Corp. v. Rudzewic*, 471 U.S. 462, 477 (1985)).

In this case, Mr. PettyJohnBlue fails to meet either of the first two prongs.

### 1.  No Purposeful Direction in Oregon.

As Mr. PettyJohnBlue asserts intentional tort claims, the first prong is evaluated in the purposeful direction test. *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1090 (9th Cir. 2023), *cert. denied,* 144 S. Ct. 693, 217 L. Ed. 2d 389 (2024) (citing *Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007)). The purposeful direction test is evaluated under the three-part "effects" test from *Calder v. Jones*, 465 U.S. 783, 789–90: the defendant must have allegedly "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Davis*, 71 F.4th at 1162–63. "This analysis is driven by the defendant's contacts with the forum state—not the plaintiff's or other parties' forum connections." *Id.*

In this case, Mr. PettyJohnBlue alleges an intentional act occurred at SeaTac in Washington. However, there are no allegations that the intentional act was aimed at Oregon. Rather, the entire interaction started and ended at SeaTac. *See* Dkt. 2-1 at 4 ¶ 15. Even to the extent Mr. PettyJohnBlue alleges that he suffered harm in Oregon, Dkt. 9 ¶ 4, there is no allegation that Delta knew Mr. PettyJohnBlue was a resident of Oregon or that the harm would likely be suffered in Oregon.

Delta anticipates that Mr. PettyJohnBlue may also rely on his allegation that Delta operates flights at Portland International Airport ("PDX"). *Id.* ¶ 2. However, even though this activity is aimed at the forum state, there is no allegation that Delta's operation of flights to/from PDX causes harm or causes harm that Delta knows is likely to be suffered in Oregon.

As Mr. PettyJohnBlue fails to meet the second or third prongs of the purposeful direction test, he fails to meet the first requirement for finding personal jurisdiction in Oregon over Delta for this claim.

### 2. Mr. PettyJohnBlue's Claims Are Unrelated to Delta's Forum Contacts.

As the entire interaction alleged by Mr. PettyJohnBlue occurred in Washington, the only Oregon contacts by Delta are Delta's flights into and out of PDX. However, Mr. PettyJohnBlue's claim does not arise out of or relate to this forum related activity.

"The Supreme Court announced in *Ford* that 'arise out of' and 'relate to' are alternatives: for a claim to arise out of a defendant's forum contacts requires causation, while a claim can relate to those contacts, even absent causation, where, for example, 'a company ... serves a market for a product in the forum State and the product malfunctions there.'" *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 504–05 (9th Cir. 2023) (quoting *Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, 592 U.S. 351, 362–63 (2021)). Although the "relate to" requirement does not mean but-for causation, that "does not mean anything goes." *Ford*, 592 U.S. at 362. To the contrary, "to give 'relate to' too broad a scope would risk 'collaps[ing] the core distinction between general and specific personal jurisdiction.'" *Yamashita*, 62 F.4th at 504–05 (quoting *Bernhardt v. Islamic Republic of Iran*, 47 F.4th 856, 866 (D.C. Cir. 2022)). Courts applying *Ford* suggest that relatedness requires a "close connection between contacts and injury." *See id.* (specific personal jurisdiction failed for lack of relatedness because none of the defendants contacts with the forum

state of Hawaii could be shown to involve the at issue battery); *Kurzweil v. Amtrak*, CV1919388MASDEA, 2020 WL 5760423, at *3 (D.N.J. Sept. 28, 2020) (No personal jurisdiction in New Jersey for slip and fall in Washington D.C. even where defendant was actively engaged "in the business of providing services as a common carrier for hire in New Jersey" and (2) where Plaintiff purchased two Amtrak tickets while in New Jersey).

As demonstrated by Mr. PettyJohnBlue's Amended Complaint, nothing about Delta's flights caused the interaction at SeaTac. Accordingly, Mr. PettyJohnBlue's claims do not arise out of Delta's flights to PDX. Similarly, the claims are not related to Delta's operation of flight at PDX. Rather, the alleged interaction relates to security at SeaTac in Washington. His alleged interaction with airport security did not occur at a flight departure gate or on an aircraft but rather at a general area of the airport. Dkt. 9 ¶ 6.[3] Similar to the defendant in *Kurzweil*, Delta "could not have reasonably foreseen that their ticket sales or business in [Oregon]—no matter how extensive—would subject them to suit in [Oregon] for wholly unrelated negligence claims that occurred in [Washington]." *Kurzweil*, 2020 WL 5760423, at *3.

### 3. An Exercise of Jurisdiction Would Note Comport With Fair Play and Substantial Justice.

Beyond the fact that Mr. PettyJohnBlue failed to meet the first two requirements, an exercise of jurisdiction in Oregon would not comport with fair play or substantial justice. The actions complained of wholly occurred in Washington, all witnesses would be in Washington, all evidence would be in Washington. The only connection to Oregon is Mr. PettyJohnBlue's own contacts with the state. It is not reasonable for this case to be litigated in Oregon.

---

[3] Even if Mr. PettyJohnBlue was traveling to Oregon, his contacts with the state are not decisive in determining personal jurisdiction. *Walden*, 571 U.S. at 284-85.

**D.      Claims Requiring Actions of Government Must be Dismissed.**

Mr. PettyJohnBlue alleges that Delta violated 42 U.S.C. § 1983 and his Fourth Amendment rights. However, both of these claims require governmental action or actions done under the color of state law. *See United States v. Rosenow*, 50 F.4th 715, 728–29 (9th Cir. 2022) ("The Fourth Amendment regulates only governmental action; it does not protect against intrusive conduct by private individuals acting in a private capacity."); *Lengele v. Willamette Leadership Acad.*, 641 F. Supp. 3d 956, 961 (D. Or. 2022) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)) ("To state a § 1983 claim, 'a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right.'").

Mr. PettyJohnBlue's claims involve SeaTac airport security personal, not Delta employees. However, even if they were Delta employees—which Delta denies—there are no allegations that Delta is a governmental entity or that it was acting under the color of state law. *See generally*, Dkt. 9. Accordingly, Mr. PettyJohnBlue's civil rights claims against Delta must be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Delta respectfully requests that the Court grant its motion to dismiss for lack of personal jurisdiction and dismiss it from this lawsuit. In the alternative, Delta requests that the Court dismiss Mr. PettyJohnBlue's third and fourth counts for violation of 42 U.S.C § 1983 and the Fourth Amendment.

## V. CERTIFICATION OF WORD COUNT

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 3,596 words, including headings, footnotes, and quotations,

but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED this 5th day of August, 2025.

STOKES LAWRENCE, P.S.

By: */s/ Samantha K. Pitsch*
    Caryn Geraghty Jorgensen (OSB #102500)
    Brett T. MacIntyre (OSB #190544)
    Samantha K. Pitsch (OSB #230755)
    1420 Fifth Avenue, Suite 3000
    Seattle, WA 98101-2393
    Telephone: (206) 626-6000
    Fax: (206) 464-1496
    E-mail: caryn.jorgensen@stokeslaw.com
    E-mail: brett.macintyre@stokeslaw.com
    E-mail: samantha.pitsch@stokeslaw.com

*Attorneys for Defendant Delta Air Lines, Inc.*

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

N/A

I further certify that a true and correct copy of the foregoing was served via e-mail to the following non-CM/ECF participant:

Antonio PettyJohnBlue
P.O. Box 20606
Portland, OR 97211
Antoniopjblue@gmail.com


DATED August 5, 2025.

                                          */s/ Madelyne Garcia*
                                          Practice Assistant