# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON – PORTLAND DIVISION

**Antonio PettyjohnBlue,**

**Plaintiff,**

**v.**

**Delta Air Lines, Inc., unknown Delta Security Officers, Jane Doe 1 & 2,**

**Defendants.**

**Case No. 3:25-cv-01020-YY**

## PLAINTIFF'S MOTION FOR EARLY DISCOVERY AND PRESERVATION OF EVIDENCE

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON – PORTLAND DIVISION

Antonio PettyjohnBlue,
Plaintiff,
v.
Delta Air Lines, Inc., unknown Delta Security Officers, Jane Doe 1 & 2,
Defendants.

Case No. 3:25-cv-01020-YY

PLAINTIFF'S MOTION FOR EARLY DISCOVERY AND PRESERVATION OF EVIDENCE

Plaintiff Antonio PettyjohnBlue, pro se, respectfully moves this Court for an order permitting early discovery under Federal Rule of Civil Procedure 26(d), and for any related preservation orders necessary to prevent the loss of critical evidence.

## I. INTRODUCTION

Plaintiff brings this motion because key video, audio, and incident reports related to the underlying events at Seattle-Tacoma International Airport ("SEA") are at risk of being overwritten or destroyed before standard discovery begins.

Defendant Delta Air Lines, Inc. ("Delta") recently served its FRCP 26(a)(1) Initial Disclosures on August 4, 2025, in which it:

1. Denied employing any K9 or security officers at SEA,
2. Denied involvement in the subject incident, and
3. Claimed to have no relevant documents in its possession.

Delta further cited 49 U.S.C. § 114(r) and 49 C.F.R. § 1520 et seq., asserting that any Sensitive Security Information ("SSI") must be obtained through the TSA 525(d) process.

Because Delta disclaims possession and TSA video and police body-worn footage are time-limited, early discovery is necessary to prevent the loss of evidence.

## II. FACTUAL BACKGROUND

1. The Incident:
Plaintiff was subjected to discriminatory and harassing treatment at SEA Airport by individuals identified as Delta security or contractors.

2. Immediate Evidence Risk:
- SEA airport video is typically overwritten within 30-90 days.
- Port of Seattle Police body-worn camera footage is retained for limited periods unless timely requested.
- TSA SSI materials can only be accessed via formal 525(d) process, which Plaintiff has already initiated by certified mail on August 5, 2025.

3. Delta's Position:
- Delta's 26(a)(1) disclosure denies involvement and possession of evidence.
- Delta invoked SSI regulations to prevent direct production of certain materials.

Without early discovery, video evidence, incident reports, and communications may be lost, prejudicing Plaintiff's ability to prosecute this case.

## III. RULE 26 COMPLIANCE AND EARLY DISCOVERY JUSTIFICATION

Plaintiff acknowledges receipt of Defendant Delta Air Lines, Inc.'s Rule 26(a)(1) Initial Disclosures, served on August 4, 2025, and has complied with all initial disclosure obligations under Rule 26(a).

Plaintiff understands that Rule 26(d) ordinarily prohibits discovery before the Rule 26(f) conference. However, good cause exists for limited early discovery because:

1. Critical video and body-worn camera evidence is at imminent risk of deletion,
2. Delta's 26(a)(1) disclosures deny possession of relevant evidence, and
3. TSA-controlled Sensitive Security Information (SSI) requires advance clearance through the 525(d) process, which Plaintiff has already initiated.

Plaintiff therefore requests narrowly tailored early discovery to prevent irreparable loss of key evidence necessary to prosecute this case.

## IV. LEGAL STANDARD

FRCP 26(d)(1) prohibits discovery before the Rule 26(f) conference unless authorized by the Court.

Courts grant early discovery upon a showing of:

1. Good cause and
2. Specific need to preserve or obtain evidence before it is lost.

See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275 (N.D. Cal. 2002).

## V. GOOD CAUSE EXISTS FOR EARLY DISCOVERY

1. Evidence is at Risk of Spoliation:
- SEA surveillance and police bodycam data are routinely deleted if not preserved.
- TSA SSI materials require time for review and clearance.

2. Delta's Disclosures Confirm Urgency:
- Delta denies having discoverable information and shifts responsibility to TSA and the Port of Seattle Police.
- Early subpoenas are necessary to secure third-party evidence before it is lost.

3. Narrowly Tailored Requests:
Plaintiff seeks only the following:
- TSA: Checkpoint surveillance, incident reports, SSI logs, and communications related to Plaintiff
- Port of Seattle Police: Bodycam footage, incident reports, radio logs, and communications with Delta
- Delta Air Lines: Internal reports or communications with TSA or Port police related to Plaintiff's presence or any complaints on the date(s) in question

This request is limited, reasonable, and essential to preserve evidence.

## VI. REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

1. Authorize early discovery under FRCP 26(d) to serve subpoenas on:
a. TSA (Office of Chief Counsel)
b. Port of Seattle Police Department
c. Delta Air Lines, Inc.

2. Order all parties and third parties to preserve evidence related to Plaintiff's claims pending completion of early discovery.

3. Grant any further relief the Court deems just and proper to secure and preserve evidence in this matter.

DATED: August 5, 2025

Respectfully submitted,

Antonio PettyjohnBlue
Plaintiff, Pro Se
P.O. Box 20606
Portland, OR 97211
Antoniopjblue@gmail.com
[Phone Number]

Exhibit A: Delta Air Lines, Inc.'s FRCP 26(a)(1) Initial Disclosures (August 4, 2025)

[Attached: Delta Air Lines, Inc.'s FRCP 26(a)(1) Initial Disclosures document dated August 4, 2025]

## Exhibit B: Certified Mail Evidence Preservation Letters and TSA 525(d) SSI Access Requests (August 5, 2025)

[Attached: Copies of Certified Mail letters sent to Delta Air Lines, Port of Seattle Police Department, and TSA Office of Chief Counsel, dated August 5, 2025, including proof of mailing and return receipts when available.]

Antonio PettyjohnBlue
P.O. Box 20606
Portland, OR 97233
Phone: 971-409-8170
Email: antoniopjblue@gmail.com
Date: August 5, 2025

Re: Preservation of Evidence Related to April 15, 2025 Incident – Antonio PettyjohnBlue v. Delta Air Lines, Inc. (Case No. 3:25-cv-01020-YY)

To Whom It May Concern,

This letter serves as a formal request and notice to preserve all relevant materials, records, videos, and electronically stored information (ESI) related to an incident that occurred on April 15, 2025, at Seattle-Tacoma International Airport involving Antonio PettyjohnBlue.

Please ensure immediate preservation of the following (not exhaustive):
- All surveillance footage from 5:30 PM to 6:30 PM in and around the Delta baggage claim area and customs/transfer area.
- K9 deployment and handler records.
- Officer duty logs, bodycam footage, incident reports, and dispatch calls.
- Internal and external communications referencing Plaintiff.
- Any communications between TSA, Delta, and the Port of Seattle Police concerning the incident.

Litigation is pending in U.S. District Court (D. Oregon). Deletion or alteration of evidence may constitute spoliation.

Thank you for your attention.

Respectfully,
Antonio PettyjohnBlue
Pro Se Plaintiff

Antonio PettyjohnBlue
P.O. Box 20606
Portland, OR 97233
Phone: 971-409-8170
Email: antoniopjblue@gmail.com
Date: August 5, 2025

Re: Preservation of Evidence Related to April 15, 2025 Incident – Antonio PettyjohnBlue v. Delta Air Lines, Inc. (Case No. 3:25-cv-01020-YY)

To Whom It May Concern,

This letter serves as a formal request and notice to preserve all relevant materials, records, videos, and electronically stored information (ESI) related to an incident that occurred on April 15, 2025, at Seattle-Tacoma International Airport involving Antonio PettyjohnBlue.

Please ensure immediate preservation of the following (not exhaustive):
- All surveillance footage from 5:30 PM to 6:30 PM in and around the Delta baggage claim area and customs/transfer area.
- K9 deployment and handler records.
- Officer duty logs, bodycam footage, incident reports, and dispatch calls.
- Internal and external communications referencing Plaintiff.
- Any communications between TSA, Delta, and the Port of Seattle Police concerning the incident.

Litigation is pending in U.S. District Court (D. Oregon). Deletion or alteration of evidence may constitute spoliation.

Thank you for your attention.

Respectfully,
Antonio PettyjohnBlue
Pro Se Plaintiff

Antonio PettyjohnBlue
P.O. Box 20606
Portland, OR 97233
Phone: 971-409-8170
Email: antoniopjblue@gmail.com
Date: August 5, 2025

To:
Office of Chief Counsel (TSA-2)
Transportation Security Administration
601 South 12th Street
Arlington, VA 20598-6002

RE: Request for Access to Sensitive Security Information under 49 CFR § 1520.5 & 1520.9 – Antonio PettyjohnBlue v. Delta Air Lines, Inc., Case No. 3:25-cv-01020-YY

Dear Chief Counsel,

I am a Pro Se litigant in the above-referenced case currently pending in the United States District Court for the District of Oregon. The case concerns an incident involving alleged civil rights violations and unlawful search and seizure at Seattle-Tacoma International Airport on April 15, 2025.

Pursuant to 49 CFR § 1520.9 and 49 CFR § 1520.11, I hereby request access to records containing Sensitive Security Information (SSI) that are relevant to this case, including but not limited to:
- Security footage
- K9 activity logs
- TSA incident reports
- Communications between TSA and other agencies

I understand these materials may be protected under TSA regulations. I am willing to execute any appropriate protective order or non-disclosure agreement and to comply with TSA's 525(d) procedures for Pro Se litigants.

Please advise on the next steps required to comply with TSA's SSI access procedures or let me know if further court authorization is required.

Sincerely,
Antonio PettyjohnBlue
Pro Se Plaintiff