UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ANTONIO PETTYJOHNBLUE,

    Plaintiff,

  v.

DELTA AIR LINES, INC.,

    Defendant.

Case No. 3:25-cv-01020-YY

OPINION AND ORDER

YOU, Magistrate Judge.

    Plaintiff Antonio PettyJohnBlue, who is representing himself in this matter, brings suit against defendant Delta Air Lines after an incident at the Seattle-Tacoma International Airport ("SeaTac") where plaintiff alleges he was "approached, searched, and detained" by several "individuals wearing security uniforms with badges and a K-9 unit." Am. Compl. ¶¶ 5–6. Plaintiff alleges these individuals "conducted a targeted and excessive K-9 search without justification, after which a sarcastic comment from Plaintiff was twisted into a false threat accusation." Id. ¶ 9. Plaintiff was then "detained" and allegedly "publicly humiliated, despite not posing any threat." Id. ¶ 10. Plaintiff initially filed suit in Oregon state court and defendant timely removed the case to this court. See Compl., ECF 2-1; Not. Removal 1–8, ECF 1. Plaintiff

1 – OPINION AND ORDER

subsequently filed an amended complaint, asserting a variety of federal and state law claims. Am. Compl. ¶¶ 14–22, ECF 9

Currently pending is defendant's motion to dismiss the amended complaint, which asserts that plaintiff has failed to properly serve defendant and that this court lacks personal jurisdiction over defendant for this case, primarily because the events took place exclusively in Washington state. Mot. Dismiss 2-3, ECF 21. Since that motion to dismiss was filed, plaintiff has filed two separate motions seeking leave to file another amended complaint. *See* ECF 23, 27. As explained more fully below, defendant's motion to dismiss is granted and plaintiff's motions for leave to file an amended complaint are denied.

**I.      Legal Standard—Rule 12(b)(2)**

When faced with a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the court's exercise of jurisdiction is proper. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). Where the court's determination is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a *prima facie* showing of jurisdictional facts." *Id.* (quoting *Scher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). A plaintiff cannot rest on the bare allegations of its complaint, but uncontroverted allegations in the complaint must be taken as true. *Id.* "Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *In re Boon Glob. Ltd.*, 923 F.3d 643, 650 (9th Cir. 2019) (citing *Schwarzenegger*, 374 F.3d at 800). Documents filed by a *pro se* plaintiff are construed liberally and held to a less stringent standard than those filed by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

2 – OPINION AND ORDER

## II.   Inadequate Service

Defendant first asserts that plaintiff "has yet to properly serve [defendant] with a copy of a summons or his complaint" and thus the court does not have personal jurisdiction over defendant. Mot. Dismiss 2, ECF 21.

"Unless a defendant is served properly under Federal Rule of Civil Procedure 4, the district court lacks personal jurisdiction over the defendant." *Good Clean Love, Inc. v. Audacious Beauty, LLC*, No. 6:24-cv-00444-MC, 2024 WL 4529028, at *2 (D. Or. Oct. 17, 2024) (citing *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)). "In the Ninth Circuit, Rule 4 is 'applied in a manner that will best effectuate [its] purpose of giving the defendant adequate notice.' " *Id.* (quoting *Direct Mail*, 840 F.2d at 688). "Rule 4 a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.* (quoting *United Food & Com. Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Id.* (quoting *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If service is deemed insufficient, "the court retains broad discretion to either dismiss an action without prejudice or direct the plaintiff to effect proper service within a specified period." *Id.* (citing FED. R. CIV. P. 4(m); *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001)).

Rule 4(h) provides two methods for serving a corporation, partnership, or association like defendant here. *Belciu v. Legacy Health Sys.*, No. 3:23-cv-01632-SB, 2023 WL 8600005, at *1 (D. Or. Dec. 12, 2023). One method is "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." *Id.* (quoting FED. R. CIV. P.

4(h)(1)(B)). The second method is to "follow state law for serving a Summons." *Id.* (citing FED. R. CIV. P. 4(h)(1)(A)).

Plaintiff's complaint was initially filed in state court, and plaintiff used a form "Certificate of Service" document that contained explicit written directions for how to achieve service in accordance with Oregon state law, specifically Oregon Rule of Civil Procedure("ORCP") 7D(2). Pitsch Decl., Ex. B at 2, ECF 2-2. The record shows that plaintiff attempted to serve a copy of the complaint by mail, which was addressed to "Delta Airlines Security" at "17801 International Blvd., SeaTac WA 98158." *Id.* at 3 (some formatting modified). This is not sufficient to satisfy the requirements for service under Oregon law. For one thing, the "Service by Mail, Return Receipt Requested" option that plaintiff attempted to use specifically states that plaintiff must "personally deposi[t] **two** true copies with the U.S. Postal Service. **One** by first class mail, and the **other** by certified or registered mail, Return Receipt Requested, or by express mail, postage paid, addressed to the party to be served[.]" *Id.* (emphasis in original). Plaintiff only attached a receipt showing a single mailing. *Id.* at 4.

Additionally, it appears that plaintiff only attempted to serve defendant with a copy of the complaint, and has not yet attempted to serve a copy of the summons. Effective service requires that *both* the complaint and the summons are served on the defendant. *See id.* at 2 (directing plaintiff to indicate that he "served true copies of the original *Petition*, *Claim* or *Complaint* and *Summons* (with attached notices of mediation and other information provided by the court clerk")" (emphasis in original); *see also* ORCP 7D(2)(d) (providing that "[s]ervice by mail" must be made "by mailing true copies of the summons and the complaint to the defendant").

4 – OPINION AND ORDER

Finally, plaintiff mailed the complaint to defendant at the street address for the Seattle-Tacoma International Airport—17801 International Blvd., SeaTac, WA 98158. *See Seattle-Tacoma International Airport Customer Care*, https://www.portseattle.org/contacts/seattle-tacoma-international-airport-customer-care (last visited Oct. 8, 2025). ORCP 7D(3)(b)(ii)(C) provides that a corporation may be served "by mailing in the manner specified in paragraph D(2)(d) of this rule true copies of the summons and the complaint to: the office of the registered agent or to the last registered office of the corporation[.]" Mailing the complaint to the SeaTac is not sufficient to comply with these rules.

At various points in plaintiff's briefing related to his two pending motions for leave to file an amended complaint, plaintiff states that "proper service will be made on [defendant's] Oregon registered agent . . . Corporation Service Company, 1127 Broadway Street NE, Suite 310, Salem, OR 97301." Mot. Leave Amd. 2, ECF 27 (some capitalization and formatting modified); *see also* PettyJohnBlue Decl. ¶ 7, ECF 28 ("I have attempted to serve Delta Air Lines in Atlanta but now am serving through their Oregon [] registered agent, Corporation Service Company."). Neither statement is sufficient to establish that plaintiff has actually successfully completed service of the summons and the complaint on defendant in compliance with Federal Rule of Civil Procedure 4 or any provision of Oregon law.

### III.   Personal Jurisdiction

The problems with service notwithstanding, there is a more fundamental problem with plaintiff's suit here that requires dismissal. Defendant asserts that plaintiff's complaint should be dismissed because this court does not have personal jurisdiction over it for the claims that plaintiff asserts in this suit that, as described above, pertain to a search of plaintiff that occurred at Sea-Tac in Washington state. Mot. Dismiss 7–12, ECF 21. "Federal courts ordinarily follow

5 – OPINION AND ORDER

state law in determining the bounds of their jurisdiction over persons." *Picot*, 780 F.3d at 1211 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)); *see* FED. R. CIV. P. 4(k)(1)(A). Oregon's long-arm statute is co-extensive with constitutional standards, and thus this court need only determine whether its exercise of personal jurisdiction is consistent with constitutional due process standards. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990) (citing ORCP 4L); *Swank v. Terex Utilities, Inc.*, 274 Or. App. 47, 57 (2015).

  Constitutional due process requires that the defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (citations omitted). "In giving content to that formulation, the Court has long focused on the nature and extent of 'the defendant's relationship to the forum State.' " *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 137 S. Ct. 1773, 1779 (2017)). That focus led to the recognition of two kinds of personal jurisdiction: general jurisdiction and specific jurisdiction. *Id.* (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

  General jurisdiction extends to "any and all claims" brought against a defendant, but only where a defendant is "essentially at home" in the forum state. *Ford Motor*, 141 S. Ct. at 1024 (citation omitted). Individuals are subject to general jurisdiction in their place of domicile. *Id.* (citing *Daimler AG*, 571 U.S. at 137). A corporation is subject to general jurisdiction in its place of incorporation and its principal place of business, but a corporation may be "at home" somewhere else in an exceptional case. *Id.* (citing *Daimler*, 571 U.S. at 139 n.19). There is no general jurisdiction over defendant here because defendant is a Delaware corporation with a principal place of business in Atlanta, Georgia. Pitch Decl., Ex. C at 1, ECF 2-3. Furthermore,

although plaintiff alleges that defendant does "business in Oregon" including "operating flights and related services through its employees, agents, and third party contractors including security personnel at . . . Portland International Airport," Am. Compl. ¶ 2, ECF 9, those allegations are insufficient to establish the "continuous and systematic" types of contacts with Oregon that would "render [defendant] as essentially at home" in this state such that general jurisdiction would exist here. *See Collins v. PeaceHealth*, No. 3:22-cv-01946-AN, 2023 WL 8476721, at *4 (D. Or. Dec. 6, 2023) (finding that allegations the defendant "regularly does business in this jurisdiction," and the "principal impact" of its adverse employment actions "occurred in Oregon and harmed Plaintiff, an Oregon resident" did "not describe contacts with Oregon that are so continuous and systematic as to render it as essentially at home in the state").

Specific jurisdiction applies to a broader class of defendants than general jurisdiction, but for a "narrower class of claims." *Ford Motor*, 141 S. Ct. at 1024. Specific jurisdiction over a nonresident defendant depends on the relationship between "the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283 (2014). The Ninth Circuit employs a three-prong test for analyzing specific jurisdiction. First, the defendant "must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020) (quoting *Schwarzenegger*, 374 F.3d at 802). Second, the claim must arise out of or relate to the defendant's forum-related activities, though a strict causal relationship is not required. *Id.*; *Ford Motor*, 141 S. Ct. at 1026. Third, the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. *Global Commodities*, 972 F.3d at 1107.

7 – OPINION AND ORDER

There is no specific jurisdiction over defendant in Oregon for plaintiff's claims in this suit. Though it is undisputed that defendant conducts business in Oregon by, among other things, conducting regular flights to and from the Portland International Airport, there is no connection between those Oregon-based activities and plaintiff's claims in this suit because the entire incident at issue in the complaint allegedly occurred at Sea-Tac in Washington state. *See Kurzweil v. Amtrak*, No. 3:19-cv-19388-MAS-DEA, 2020 WL 5760423, at *3 (D.N.J. Sept. 28, 2020) (finding no specific personal jurisdiction over the defendant in New Jersey because the plaintiff was injured in a slip-and-fall incident that occurred in Washington, D.C., despite allegation that the defendant was "in the business of providing services as a common carrier for hire in New Jersey").

The fact that plaintiff had a connecting flight from Seattle to Portland, Am. Compl. ¶ 5, ECF 9, or that the incident resulted in a "travel disruption" that "affected [plaintiff's] Oregon travel plans," Mot. Leave Amend 2, ECF 27, does not change this analysis. As the Supreme Court has stated, the "minimum contacts analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285. In *Walden*, the plaintiff was traveling through the Atlanta airport with a connecting flight to Nevada. *Id.* at 280. A police officer conducted a search of the plaintiff at the Atlanta airport, and subsequently seized approximately $100,000 in cash from the plaintiff. *Id.* at 279–80. The plaintiff sued the officer in Nevada federal court, but the Supreme Court found that there was no personal jurisdiction over the officer in Nevada, because the officer's only relevant connection to Nevada was the officer's knowledge that the allegedly illegal search in Atlanta would "delay the return of funds to [the plaintiff] with connections to Nevada." *Id.* at 279, 281. This case is identical in all relevant aspects to *Walden*; there is no connection to Oregon other than the fact

that plaintiff had a connecting flight from Seattle to Portland. Thus, there is no personal jurisdiction over defendant for the claims plaintiff has asserted in this suit.

### IV. Motions for Leave to Amend

Plaintiff has filed two separate motions for leave to file a second amended complaint. *See* ECF 23, 27. In the first motion, plaintiff's proposed second amended complaint would add an allegation from a "fellow passenger . . . [who] was also harassed, interrogated, and subjected to an unlawful search and seizure during the same period at Seattle-Tacoma International Airport," and an allegation that defendant's "statements attempting to justify or minimize the incident" are "inaccurate, misleading," or are otherwise "contradicted" by other evidence. Proposed Sec. Am. Compl. 4, ECF 23.

Plaintiff's second motion is less clear in the changes that plaintiff seeks to make to the operative complaint. Generally speaking, this alternative proposed second amended complaint drops the allegations from the "fellow passenger" and otherwise seems to repeat the allegations from the Amended Complaint with less factual detail. *See* Proposed Sec. Am. Compl. 2, ECF 27-1.

In any event, neither motion has any effect on the analysis above regarding plaintiff's failure to effectively serve defendant or the lack of personal jurisdiction over defendant for the claims plaintiff asserts in this case. Both proposed amended complaints indicate that the incident took place entirely within Sea-Tac in Washington and do not contain any facts demonstrating any connection between defendant's alleged actions in Washington and the forum state here in Oregon. Because neither of plaintiff's proposed amended complaints includes any facts from which the court could find that personal jurisdiction over defendant could be exercised here, plaintiff's motions to amend are denied and the complaint is dismissed without leave to amend in

this district. However, because the dismissal is based on lack of personal jurisdiction, it is without prejudice. *Cox v. CoinMarketCap OPCO, LLC*, 112 F.4th 822, 836 (9th Cir. 2024) ("A dismissal for lack of personal jurisdiction does not adjudicate the merits and so should be without prejudice.").

## ORDER

Defendant's motion to dismiss for lack of personal jurisdiction (ECF 21) is granted, and plaintiff's motions for leave to amend (ECF 23 and 27) are denied. The complaint is dismissed without prejudice. All other pending motions are denied as moot and this case shall be closed.

DATED October 14, 2025.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge